Officer Tony B. Jordan Little Rock Police Department 700 W. Markham Little Rock, AR 72201
Dear Officer Jordan:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992). Your question stems from a request, pursuant to the FOIA, for disclosure of information contained in your personnel file which is maintained by the City of Little Rock.
You indicate that an examination was given to officers of the Little Rock Police Department for promotion to the position of sergeant, and that you took this examination. A member of the Fraternal Order of Police has made a request, pursuant to the FOIA, for a "list of all officers that completed the 1993 sergeant testing with a passing score." While your question appears to focus on whether the test scores of these officers are subject to public disclosure, it is my understanding from a review of the initial FOIA request that the actual scores were not the subject of the FOIA request; that is, only a list of officers who passed the examination was requested. It is also my understanding that the custodian of the records for the City of Little Rock has made the decision to disclose the requested list. You have requested that I render an opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), as to whether the custodian's decision to release the information is consistent with the FOIA.
It is my opinion that the custodian's decision to release the list of officers who passed the promotional examination is consistent with the Freedom of Information Act.
As an initial matter, there may be a question as to whether a separate list maintained by the records custodian of those who passed the examination constitutes a personnel record for purposes of the FOIA. Irrespective of this determination, however, such a list would, in my opinion, be subject to public disclosure.
The FOIA presumes that all records maintained in public offices or by public employees within the scope of their employment are public records. As such, they are generally available for inspection and copying under the provisions of A.C.A. §25-19-105, unless they are specifically exempted from disclosure by another section. Assuming that the list in question is not a part of a personnel record, it is, in my opinion, subject to public disclosure as I can find no prohibition against its release.
If such a list is instead regarded as part of a personnel record, it is, in my opinion, still subject to public disclosure. Information in personnel records is exempt under the FOIA only to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(10). A blanket denial of access to such records is contrary to the FOIA. Rather, any exempt information (information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy) should be deleted from the personnel records and the remainder of the records made available for inspection and copying.
While no Arkansas court has articulated what constitutes a "clearly unwarranted invasion of personal privacy," this office has opined that the federal courts can be looked to for guidance in this regard. See Op. Att'y Gen. 87-115. In construing a similar provision contained in the federal Freedom of Information Act, federal courts have narrowly interpreted the phrase "invasion of personal privacy." Federal courts have adopted the position that information falls within the exception if the information concerns an intimate detail, or if it involves private facts. Watkins, Access to Public Records Under theArkansas Freedom of Information Act, 37 Ark. L. Rev. 741 at 789.
And, while neither the Arkansas General Assembly nor the Supreme Court of Arkansas has defined what type of information is "personal," the court in McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989), did apply a three-part test in this regard. Quoting the Georgetown Law Journal, the court stated:
 `[P]ersonal matter' ought to be information: (1) that the individual wants to and has kept private or confidential, (2) that, except for the challenged government action, can be kept private or confidential, and (3) that to a reasonable person would be harmful or embarrassing if disclosed. 71 Geo. L.J. at 240.
McCambridge, 298 Ark. at 230.
The following specific information has been exempted from disclosure through judicial interpretation: personal histories; religious affiliations of employees, Church of Scientology v.Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United State Department of State v. Washington PostCo., 456 U.S. 595 (1982); marital status, Simpson v. Vance,648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisherv. Dept. of the Air Force, 660 F.2d 369 (5th Cir. 1981); information about family life, Providence Journal Co. v.F.B.I., 460 F. Supp. 778, reversed on distinct grounds,602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family fights, alcohol consumption, Rural Housing Alliance v. Department ofAgriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health Human Services,649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980).
This office has previously opined that, while the actual tests and numeric scores of examinees would likely be exempt from public inspection, revealing how a particular examinee performed in terms of passing or failing an exam would not invade one's privacy as such information would not reveal any intimate details of the person's life. Such information is thus subject to public disclosure. See Op. Att'y Gen. 89-054, a copy of which is attached, and Young v. Rice, 308 Ark. 593, 826 S.W.2d 252
(1992).
While I have not reviewed the actual records involved in this situation, based on the above cited opinion, it is my conclusion that because a list of officers who passed the promotional examination would not "reveal some intimate detail" or "involve private facts" of the lives of the officers, such a document is subject to public disclosure.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SLD:cyh